1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

Michael Carl Allen,
Plaintiff
-vs-
Joseph M. Arpaio, et al.,
Defendants.

CV-14-0378-PHX-SPL (JFM)

**Order and**
**Report and Recommendation**

### BACKGROUND

Under consideration is Plaintiff's Motion to Extend Time to Complete Service, filed June 29, 2015 (Doc. 81).  Plaintiff seeks to extend the time for service, and to obtain service on Defendants Manzano, Johonson, and Hendrix via the Maricopa County Sheriff's Office Legal Liaison.  No response to the motion has been filed by Defendant Modi.

The Court's Scheduling Order, filed October 24, 2014 (Doc. 31) advised Plaintiff that "[p]ursuant to Local Rule of Civil Procedure 16.2(b)(2)(B), the presumptive maximum service date is August 12, 2014 (the later of 120 days from the filing date or 60 days from the service Order date)." (Order 10/24/14, Doc. 31.)  Subsequently, on January 23, 2015, Plaintiff filed his Second Amended Complaint adding Defendants Manzano, Johonson, and Hendrix.

In an Order filed April 27, 2015 (Doc. 63), the Court observed that service on defendants Hendrix, Jhonson, and Manzano were all returned unexecuted on March 17, 2015. (Docs. 55, 56, 57.)  The Court further observed that Plaintiff did not appear to be continuing to prosecute his claims against these defendants, and under the applicable rules, service was due to be completed by Tuesday, May 26, 2015.  Plaintiff was ordered to show cause why they should not be dismissed for failure to prosecute, pursuant to

1

1   Federal Rule of Civil Procedure 41(b).

2       On April 30, 2015, Plaintiff responded (Doc. 66) asserting his having sent service

3   packets, and delays from his sentencing on unrelated matters.

4       Plaintiff took no further action to purse service on these unserved defendants.

5       On June 4, 2015, the Court issued an order observing the intervening expiration of

6   the service deadline, on May 26, 2015.  Plaintiff was ordered to show cause why the

7   unserved defendants should not be dismissed pursuant to Federal Rule of Civil Procedure

8   4(m).  (Order 6/4/15, Doc. 70.)  In response, Plaintiff filed a Motion to Complete Service

9   (Doc. 74), which the Court construed as a motion to extend the time for service and set a

10  response deadline.  The Court further extended the deadline for a response to the Order

11  to Show Cause.  (Order 6/8/15, Doc. 76.)  On June 11, 2015, Plaintiff filed a Response

12  (Doc. 77) to the Order to Show Cause.

13      On June 23, 2015, without a response from Defendant, the Court denied the

14  Motion to Complete Service, finding that Plaintiff had proffered no good cause for his

15  delay in completing service beyond his having earlier provided service packets.  The

16  Court further declined to make a discretionary extension of time for service based on the

17  prejudice to any newly joined defendant in light of the advanced status of the case, and

18  absence of any notice to the unserved defendants.  (Order 6/23/15, Doc. 79.)

19

20                                    **ORDER**

21      One week later, on June 29, 2015, Plaintiff filed the instant Motion to Extend

22  Time to Complete Service (Doc. 81), again seeking to extend the time for service.

23  Plaintiff argues he has acted "to the best of his knowledge," and asks for consideration of

24  the "complications of confinement."  He again references having sent the original service

25  packets in March of this year, complains that he was relocated in March, 2015, and his

26  general diligence in this matter.  He asserts he has notified the defendants of a possible

27  civil action through his grievances, asserts that any insufficiency in the service packets

28  should be attributed to errors by the jail in forwarding his service packets, that he does

1  not have access to e-filing, and his response to the order to show cause was delayed

2  through a clerical error.  He asserts that the address for all three defendants is "MCSO

3  Legal Liaison," and asks for 30 days to complete service at that address.

4  The Court finds nothing in this latest motion to justify an expansion of the time

5  for service.  In deciding whether to dismiss a case or extend the time period for service

6  under Rule 4(m), the court employs a two-step analysis. *Efaw v. Williams*, 473 F.3d

7  1038, 1040 (9th Cir. 2007). First, if there is a showing of good cause for the delay, the

8  court must extend the time period. *Id*. Second, if there is no showing of good cause, the

9  court has discretion to either dismiss without prejudice or extend the time period. *Id.*

10  Plaintiff still points to no good cause for his delays in timely seeking service.  At

11  best, he points to one week in March, 2015 while he was being relocated, and delays

12  after the deadline for service had already expired.  He points to nothing in the

13  intervening two months to explain his failure to take any action to pursue timely service.

14  He makes vague references to delays in his various filings.  But the relevant delay is not

15  in what Plaintiff has done, but in what he has not done, *i.e.* taken affirmative action to

16  complete service on the unserved defendants.

17  Moreover, he still proffers no hope for completion of service.  At best, he urges

18  service on Defendants via the MCSO Legal Liaison.  But Plaintiff proffers no reason to

19  believe such service attempts will be successful.  For example, he does not suggest that

20  the unserved defendants work at that office, or that the MCSO Legal Liaison's office has

21  been authorized to accept service for these defendants.

22  Further, in the interim, all the pretrial deadlines have expired, save only the final

23  pretrial motions deadline.  Defendant Modi's Motion for Summary Judgment is now

24  fully briefed and pending before District Judge Logan.

25  Under these circumstances, the undersigned still can find no good cause to justify

26  an extension of time for service, nor a basis for a discretionary extension.

27

28  **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Extend Time to

3

Complete Service, filed June 29, 2015 (Doc. 81) is **DENIED**.


### REPORT AND RECOMMENDATION

**Failure to Timely Serve** -  Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Local Civil Rule 16.2(b)(2)(B), which governs prisoner civil rights suits, provides that service shall be completed by the "maximum date to effect service, pursuant to Rule 4 of the Federal Rules of Civil Procedure, or sixty (60) days from filing of service order, whichever is later."   Under the foregoing rules, service in this matter should have been completed by Tuesday, May 26, 2015.  As discussed hereinabove, Plaintiff has repeated notice of this deadline, and repeated opportunities to show good cause to extend it.

**Dismissal Appropriate** - Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service.  *See Walker v. Sumner,* 14 F.3d 1415 (9th Cir. 1994) (upholding dismissal where no showing of good cause for delay in service).

> At a minimum, "good cause" means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.

*Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991).

Notwithstanding Rule 4(m), where "good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1305 (3rd Cir. 1995).  "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. U.S.,* 587 F.3d 1188, 1198 (9th Cir. 2009).

The undersigned has determined hereinabove that good cause to extend has not been show, and consequently, Plaintiff's motion to extend the time for service has been

1   denied.

2       To determine whether a plaintiff demonstrates excusable neglect to avoid

3   dismissal, courts use the test set forth in *Pioneer Inv. Services Co. v. Brunswick Assoc.*

4   *Ltd.*, 507 U.S. 380, 394 (1993), and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379,

5   381 (9th Cir.1997). *See Lemoge*, 587 F.3d at 1198 (holding that plaintiff had established

6   excusable neglect for the purposes of Rule 4(m) via the *Pioneer-Briones* test). The

7   *Pioneer-Briones* test is as follows:

8            [T]he determination of whether neglect is excusable is an equitable
         one that depends on at least four factors: (1) the danger of prejudice
9        to the opposing party; (2) the length of the delay and its potential
         impact on the proceedings, (3) the reason for the delay; and (4)
10       whether the movant acted in good faith.

11  *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-1224 (9th Cir.2000). Here, all but

12  the last factor call for a finding of no excusable neglect.

13          Danger of Prejudice to Unserved Defendant - Defendants, if eventually served,

14  would be brought into litigation in which all deadlines either are expired or soon will be.

15  Although Plaintiff contends Defendants received notice of an expected suit, he proffers

16  nothing to show they have received notice that they have in fact been sued.

17          Length of Delay and Impact - Over five months have expired since service on

18  these defendants was returned unexecuted.  To extend the time for service, and to

19  introduce a new defendant would effectively mean resetting the schedule in this case.

20  This case is already over 17  months  old, the time for service expired over two months

21  ago, and the case is nearing completion, with all but the final pretrial motions deadline

22  expired.  Prejudice to the opposing parties would result from the 11th hour addition of a

23  new defendant, on a separate claim not being litigated by the other parties.

24          Reason for Delay - Plaintiff's single attempt at pursuing service on these

25  defendants does not demonstrate diligence, nor provide sufficient reason to explain the

26  extent of the delay. Rather, the delay is attributable to simple neglect.  Plaintiff points to

27  delays with his filings, but shows no efforts to identify accurate addresses for service or

28  any efforts to complete service.

1    <u>Good faith</u> - There appears no reason to conclude that Plaintiff has acted in bad

2    faith, as opposed to simply being dilatory.

3         **<u>Summary</u>** - Plaintiff has failed to show good cause or excusable neglect to justify

4    an extension of time to complete service on Defendants Manzano, Johonson, and

5    Hendrix.

6

7         **IT IS THEREFORE RECOMMENDED** that, pursuant to Rule 4(m),

8    Defendants Manzano, Johonson, and Hendrix be **DISMISSED WITHOUT**

9    **PREJUDICE**.

10

11                        **EFFECT OF RECOMMENDATION**

12        This recommendation is not an order that is immediately appealable to the Ninth

13   Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules*

14   *of Appellate Procedure*, should not be filed until entry of the district court's judgment.

15        However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall

16   have fourteen (14) days from the date of service of a copy of this recommendation within

17   which to file specific written objections with the Court.  Thereafter, the parties have

18   fourteen (14) days within which to file a response to the objections.  Failure to timely file

19   objections to any findings or recommendations of the Magistrate Judge will be

20   considered a waiver of a party's right to *de novo* consideration of the issues,  *see United*

21   *States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute

22   a waiver of a party's right to appellate review of the findings of fact in an order or

23   judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v.*

24   *Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

25

26   Dated: August 7, 2015

     14-0378-081o Order 15 08 06 on Motion to Extend Time to Complete Service.docx

27                                         James F. Metcalf
                                   United States Magistrate Judge

28

6