IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Carl Allen, | No. CV-14-00378-PHX-SPL (JFM) |
| Plaintiff, | |
| vs. | **ORDER** |
| Sgt. Modi, et al., | |
| Defendants. | |

On January 23, 2015, Plaintiff Michael Carl Allen, who is confined in the Arizona State Prison Complex – Lewis, filed a *pro se* civil rights Second Amended Complaint pursuant to 42 U.S.C. § 1983. (Doc. 48.) The Honorable James F. Metcalf, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Doc. 83), recommending that Defendants Manzano, Jhonson, and Hendrix be dismissed without prejudice. Plaintiff has objected to the R&R and moves for appointment of counsel (Doc. 85). For the following reasons, the Court accepts and adopts the R&R, and denies his request.

**I.     Report and Recommendation**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge in a habeas case. *See* 28 U.S.C. § 636(b)(1). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See id.;* Fed. R. Civ. P. 72(b)(3); *United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003). However, a petitioner is not entitled

as of right to *de novo* review of evidence and arguments raised for the first time in an objection to the R&R, and whether the Court considers the new facts and arguments presented is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

Here, after carefully detailing the history of attempts to assist Plaintiff to accomplish service, and the notice provided to him to timely prosecute his case, the Magistrate Judge concluded that Plaintiff had failed to show that good cause or excusable neglect justifies a further extension of the time to complete service on Defendants Manzano, Jhonson, and Hendrix. Among other reasons, the Magistrate Judge duly noted that "[t]his case is already over 17 months old, the time for service expired over two months ago, and the case is nearing completion, with all but the final pretrial motions deadline expired." (Doc. 83.) While Plaintiff has objected to the R&R, his objection does not point to any specific flaw in the Magistrate Judge's analysis or findings. Instead, he offers only general objections. To that end, these objections largely consist of criticisms of the justice system and a general reiteration of the complaints that were addressed by the Magistrate Judge, but without any reference to the Magistrate Judge's findings with regard to those complaints.

Under Rule 72 of the Federal Rules of Civil Procedure, the district judge must review *de novo* those portions of the R&R that have been "properly objected to." Fed.R.Civ.P. 72(b). A proper objection requires "*specific written* objections to the proposed findings and recommendations." *Id.*; *see* 28 U.S.C. § 636(b)(1) (emphasis added). The inherent purpose of this requirement is judicial economy. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Reyna-Tapia*, 328 F.3d at 1121. Because *de novo* review of an entire R&R would defeat this purpose, a general objection serves to have the same effect as if Plaintiff had failed to object entirely. As a result, the Court has no obligation to review Plaintiff's general objection to the R&R. *See Thomas*, 474 U.S. at 149 (no review at all is required for "any issue that is not the subject of an objection."). The R&R will therefore be adopted and the unserved defendants will be dismissed.

## II. Appointment of Counsel

Next, Plaintiff moves for appointment of counsel. He argues that counsel should be appointed "to level out the playing field of professional assistance [and] to keep Plaintiff true to [the] Court's schedule. (Doc. 85 at 3.)

There is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F.3d at 970 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, Plaintiff has not shown that exceptional circumstances are present that would require the appointment of counsel in this case. As Defendant Modi's Motion for Summary Judgment is presently under advisement, the Court cannot say that Plaintiff has demonstrated a likelihood of success on the merits at this juncture. Nor has Plaintiff shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. Rather, Plaintiff's filings with the Court, as exemplified by the instant objection and motion, indicate that Plaintiff is capable of navigating his proceedings and presenting arguments to the Court. *See Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Plaintiff is in no

different position than many *pro se* prisoner litigants. Having failed to show that exceptional circumstances are present, Plaintiff's request for appointment of counsel will be denied.

Accordingly,

**IT IS ORDERED:**

1. That Magistrate Judge's Report and Recommendation (Doc. 83) is **accepted** and **adopted** by the Court;

2. That Defendants Manzano, Jhonson, and Hendrix are **dismissed without prejudice**;

3. That Plaintiff's Motion for Appointment of Counsel (Doc. 85) is **denied**; and

4. That this matter shall remain referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 14th day of August, 2015.

Honorable Steven P. Logan
United States District Judge